IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTOPHER CROMARTIE, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT OF )<br>SAFETY, et al., )<br>)<br>Defendants. ) | 1:17CV980 |

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Plaintiff Christopher Cromartie, Jr., an inmate in the North Carolina Department of Correction. His central allegation in this case is that certain corrections officers, who are also among the Defendants in this case, assaulted and injured him without cause. He also contends that other personnel attempted to keep him from pursuing the matter or retaliated against him through searches and the confiscation or loss of his property. Plaintiff names a number of corrections officers, other staff, and administrators as defendants in this case. He also names Doctor Connie Locklear-Jones as a defendant. Defendant Locklear-Jones has now filed a "Motion to Dismiss For Failure to State a Claim and Motion for Summary Judgment Limited to Failure to Exhaust Administrative Remedies" [Doc. #32] ("Motion to Dismiss") pursuant to Federal Rules of Civil Procedure 12(b)(6), 56(a) and 42 U.S.C. § 1997e(a). Plaintiff filed a Response [Doc. #45], Defendant Locklear-Jones filed a Reply [Doc. #47], and Plaintiff then filed an unauthorized Sur-reply [Doc. #55]. The Court will now address the Motion to Dismiss, as well as multiple

other submissions labeled as Motions which are pending on the docket [Doc. #43, #58, #64, #65, #66, #69, #70, #71, #73].

## Discussion

Defendant Locklear-Jones seeks dismissal of Plaintiff's claims against her under Federal Rule of Civil Procedure 12(b)(6) because she asserts that Plaintiff failed to state any claim against her in the Complaint. In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is "facially plausible" when the facts pled allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In the present case, Plaintiff utterly fails to state any claim against Defendant Locklear-Jones in his Complaint despite attaching several pages of alleged facts. In fact, other than naming her as a defendant, Plaintiff does not appear to mention Locklear-Jones at any point in his Complaint. The same is true for the dozens of pages of exhibits which Plaintiff attaches to the Complaint. So far as the Court can discern, and Plaintiff points to nothing different, Defendant Locklear-Jones is also not mentioned in these exhibits, including numerous prison

grievances alleged to have been filed or attempted to have been filed by Plaintiff in connection with the events set out in the Complaint. Thus, Plaintiff clearly and completely fails to allege any claim against Defendant Locklear-Jones in the Complaint.

Plaintiff states in his Response [Doc. #45][1] that he "mentions" Locklear-Jones due to "her knowing about Plaintiff['s] injuries and removing Plaintiff's restrictions entirely but Plaintiff transferred causing Plaintiff to receive outside medical assistance within the emergency room due to her negligent authority." (Response at 4.) However, it is impossible to determine what Plaintiff contends Locklear-Jones did that violated his constitutional rights. His Complaint does not indicate that any of his medical restrictions were removed, and there is no indication that Dr. Locklear-Jones was involved in the alleged assault or the incidents on November 23, 2016. Plaintiff further makes general claims about the negligence of "Defendants" and suing for medical malpractice, but does not present any supporting factual allegations. (Id.) After Locklear-Jones filed her Reply, Plaintiff filed an unauthorized Sur-reply [Doc. #55], asserting that Locklear-Jones must have known of his medical issues because she is the primary care doctor at the facility where he was housed when the injuries occurred and because at some unspecified time she provided him with prescription medications. (Pl.'s Sur-reply at 2.) He also reiterates that she signed papers releasing him from medical restrictions, although it is not clear when this occurred or what restrictions were removed. (Id.) He adds that he places responsibility on Locklear-Jones because she did not protect him from future risks and because she is a supervisor. (Id. at 3.)

---

[1] A duplicate copy of the Response was filed again later [Doc. #54].

3

Regarding the allegations in Plaintiff's Response and Sur-reply briefs, the Court first notes that the briefs are not part of the Complaint. Plaintiff cannot amend the Complaint through allegations in his briefs, and he has not moved to amend the Complaint. Thus, he still fails to state a claim against Defendant Locklear-Jones.[1]

Moreover, even if the Court were to consider the allegations in Plaintiff's Response and proposed Sur-reply as attempts by Plaintiff to amend his Complaint, he still fails to state any viable claim for relief. Many of the allegations generally allege negligence or malpractice, which do not state a claim under § 1983. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). Some of the allegations also appear to rely on Locklear-Jones's alleged position as a supervisor. However, theories of *respondeat superior* or vicarious liability predicated solely on a defendant's identity as a supervisor do not state a claim under § 1983, and each official "is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. Finally, any remaining allegations simply do not state any coherent claim for relief. Plaintiff blames Defendant Locklear-Jones for removing medical restrictions, but fails to support this with even basic facts regarding when this occurred, what restrictions were removed, or any explanation as to how this violated his federal constitutional rights. His allegations are entirely conclusory and insufficient. Therefore, he fails to state any claim against Defendant Locklear-Jones and her Motion to Dismiss should be granted. The claims against the other Defendants will not be affected by this dismissal. If Plaintiff believes that he has a separate claim against Defendant Locklear-Jones individually, he should clearly set out

---

[1] In addition, Plaintiff's proposed Sur-reply [Doc. #55] is not authorized under the Local Rules and would be stricken on that basis.

4

the factual basis for the claim on a new complaint properly raising those claims in a separate action after he has exhausted his administrative remedies as to those claims.[2]

As stated above, there are a number of other motions currently pending on the docket. One group of motions is a "Motion for Restraining Order Indefinitely" [Doc. #43], duplicates of that Motion [Doc. #51, #57], a "Motion to Restore in Full Motion of Restraint/Motion for Immediate Injunctive Relief Expediously [sic]" [Doc. #70], and a "Motion for an Affirmative Notice" [Doc. #73]. In all of these Motions, Plaintiff seeks to be kept away from any Defendants he names in his lawsuit. These requests stem from the fact that he was housed at Scotland Correctional Institution at the time of the alleged assault. He thereafter transferred to Tabor Correctional Institution. However, he then briefly encountered one of the Defendants, Ronald Covington, while Covington was temporarily performing work at Tabor Correctional. This led Plaintiff to file the initial two Motions asking to be kept away from Defendants. In early December of 2018, Plaintiff was transferred back to Scotland Correctional, which prompted his filing of the remaining Motions in this group raising allegations of additional incidents and retaliation by some of the named Defendants throughout December 2018. However, Plaintiff thereafter filed a Notice of Change of Address [Doc. #74] dated January 9, 2019, notifying the Court that he is now being housed at

---

[2] Regarding exhaustion, Defendant Locklear-Jones contends that Plaintiff failed to exhaust his administrative remedies for claims against her as required by 42 U.S.C. § 1997(e). In response, Plaintiff contends that he tried to file various grievances regarding the assault, but that he was prevented from doing so by facility officials. However, none of the grievances in the record, whether filed or attempted to be filed by Plaintiff, appear to involve Defendant Locklear-Jones in any way. In any event, the Court need not address that argument given Plaintiff's failure to state any claim for relief against Locklear-Jones. As noted above, if Plaintiff believes that he has a separate claim against Defendant Locklear-Jones, he should file a complaint setting out the specific factual basis for that claim after he has exhausted available administrative remedies, and any such complaint will be referred for further screening and review.

Pasquotank Correctional Institution, which is located on the coast near Elizabeth City, North Carolina, and geographically distant from Scotland Correctional. Given Plaintiff's current housing location, there appears to be no realistic chance of his encountering the Defendants, particularly those who allegedly assaulted him at Scotland Correctional. Having considered the information presented, and given Defendant's present location, the Court finds no basis to impose any such injunction or restriction, and Plaintiff's requests for a restraining order should be denied.

Similarly, Plaintiff filed a "Motion for Supporting Evidence to be Submitted for Restraining Order" [Doc. #64] in which he attempts to add documentary evidence supporting his requests for a restraining order. However, that Motion is also now moot in light of the above recommendation and will be denied as such.

Next, Plaintiff filed a "Motion for Default Summary Judgment on Statute of Limitations" [Doc. #58] seeking entry of default against Defendants Michael Johnston and Jonathan Floyd because they allegedly failed to file timely answers to the Complaint. However, Defendant Johnston sought an extension of the time to file an answer and the Court entered an Order [Doc. #50] granting that request and allowing him to answer on or before October 12, 2018. Johnston then filed his Answer [Doc. #62] on October 11, 2018. As for Defendant Floyd, summonses were issued for him on April 10, 2018 [Doc. #10] and reissued for him on July 10, 2018 [Doc. #39]. However, the docket does not reflect that he was ever served with either of those summonses. Therefore, he never had an answer due in the case. Plaintiff's Motion seeking entry of default will be denied as to both Defendant Johnston and Defendant

6

Floyd. The Court will direct the U.S. Marshal's Service to serve the summons [Doc. #35] that was issued on July 10, 2018, as to Defendant Floyd.

Plaintiff also filed a "Motion to Response [sic] to Defendant(s) Sergeant (at the time) Michael Johnston" [Doc. #65] in which it appears he seeks to respond to Defendant Johnston's Answer, which was filed less than a month earlier. He also attaches a similar document that appears to respond to all Defendants that filed answers. A group of Defendants then filed a Motion [Doc. #66] seeking to strike that filing. Plaintiff later filed a Motion [Doc. #69] seeking to amend his Response in a minor way. As pointed out by Defendants, Plaintiff's pleading in response to the Answers is not a proper pleading under Federal Rule of Civil Procedure 7(a), which does not allow for a reply to an answer unless the Court orders one. The Court did not order a reply in the present case and there is no need for one. Therefore, the Court will grant Defendants' Motion, strike the "Motion to Response," and deny the Motion seeking to amend it.

Finally, Plaintiff filed what was docketed as a Motion to Expedite [Doc. #71]. However, upon review of that Motion, it actually appears that Plaintiff seeks an update on the status of pending motions in the case and requests that the Court accept letters from another inmate pertaining to this case. This Memorandum Opinion, Order, and Recommendation should provide Plaintiff with an update on all pending matters and the overall status of his case. The Clerk will also provide Plaintiff with a current docket sheet. As for accepting letters from another inmate, Plaintiff cannot allow another inmate to represent him in this matter and he must make any submissions himself, as he has done throughout the case. His Motion

7

to Expedite will be denied except that the Clerk will provide him with a current docket sheet in this matter.

In addition to addressing the pending motions discussed above, the Court also notes that the case is now in need of an order setting discovery. The Court will place this case on a Standard Discovery Track under Local Rule 26.1, with all discovery closing June 3, 2019 and with dispositive motions due July 3, 2019. Under Local Rule 16.1, the Court concludes that no initial pretrial conference is necessary before entering a scheduling order.

IT IS THEREFORE RECOMMENDED that Defendant Locklear-Jones's Motion to Dismiss for Failure to State a Claim [Doc. #32] be granted as to any claims raised by Plaintiff in this action against Defendant Locklear-Jones, and that the claims against Defendant Locklear-Jones be dismissed without prejudice to Plaintiff filing a separate complaint setting out the factual basis for his claims, if any, after he has exhausted his administrative remedies.

IT IS FURTHER RECOMMENDED that Plaintiff's "Motion for Restraining Order Indefinitely" [Doc. #43], "Motion to Restore in Full Motion of Restraint/Motion for Immediate Injunctive Relief Expeditiously [sic]" [Doc. #70], and "Motion for an Affirmative Notice" [Doc. #73] be denied at this time.

IT IS ORDERED that Plaintiff's "Motion for Default Summary Judgment on Statute of Limitations" [Doc #58] seeking entry of default is denied, but the Court will direct the U.S. Marshal's Service to serve the summons [Doc. #35] that was issued on July 10, 2018, as to Defendant Floyd.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Supporting Evidence to be Submitted for Restraining Order" [Doc. #64] is denied.

IT IS FURTHER ORDERED that Defendant's Motion to Strike [Doc. #66] is granted, that Plaintiff's "Motion to Response [sic] to Defendant's Sergeant (at the time) Michael Johnston" [Doc. #65] is stricken, and that Plaintiff's Motion to Amend [Doc. #69] is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite [Doc. #71] is denied, but that the Clerk send Plaintiff an updated copy of the docket in this case.

IT IS FURTHER ORDERED that this case is placed on a Standard Discovery Track, with a deadline for the completion of all discovery of June 3, 2019, and with dispositive motions due on July 3, 2019.

This, the 1st day of February, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge