IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER CROMARTIE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV980 |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This was a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Plaintiff Christopher Cromartie, Jr., an inmate in the North Carolina Department of Adult Corrections, formerly the North Carolina Department of Public Safety. His central allegation in this case was that certain corrections officers, who were included as Defendants, assaulted him without cause.

The undersigned held a Settlement Conference on June 30, 2021. Plaintiff was present and represented at that settlement conference by Attorney Jeremy Browner. Based on the discussions at the settlement conference, the case "reached a full settlement" [6/30/2021 Docket Entry]. On the same date, the Parties—including Plaintiff and his attorney—executed a joint stipulation of dismissal with prejudice under Rule 41(a)(1) [Doc. #141].

Plaintiff has now filed a Motion to Enforce Settlement Agreement [Doc. #143]. As is relevant to the issues before the Court on Plaintiff's pending Motion, the settlement agreement provided:

> **b. Transfer to Pender Correctional Institution:** As soon as reasonably practicable, and not more than 30 days after full execution of this Agreement,

> NCDPS agrees to transfer Plaintiff to Pender Correctional Institution, and thereafter, not to maliciously transfer Plaintiff to another facility. However, this restriction does not affect NCDPS' ability to transfer Plaintiff to any other facility for security, medical, population management, or any other administrative reasons.
>
> . . . .
>
> **d. Visitation:** NCDPS agrees to assist Plaintiff in processing the visitation applications of Plaintiff's wife and Plaintiff's three sons. Specifically, within 15 days of full execution of this Agreement, Plaintiff's counsel shall deliver to Defendants' counsel the fully completed visitation applications for Plaintiff's wife and three sons (including the necessary identification documents); thereafter, within 15 days after Defendants' counsel's receipt of those documents, the visitation applications shall be processed by NCDPS. NCDPS does not guarantee the approval of those applications, only that they will be processed according to applicable law and established NCDPS policies and procedures.

(Defs.'s Br. Ex. A [Doc. #145-1]; Pl.'s Reply Ex. B [Doc. #146-2].)

The written settlement agreement "contain[ed] the entire agreement between Plaintiff and [Defendants], and there [were] no understandings or agreements, verbal or otherwise, regarding this settlement except as expressly set forth [t]herein." (Defs.'s Br. Ex. A; Pl.'s Reply Ex. B.) The settlement agreement did not state that the Court would retain jurisdiction to enforce the agreement. When the settlement agreement was placed on the record at the conclusion of the settlement conference, the Parties did not request, let alone agree, that the Court would retain jurisdiction to enforce the settlement agreement post-dismissal.

The Parties filed the Joint Stipulation of Dismissal with the Court on July 26, 2021 [Doc. #141], and the case was dismissed.

According to the Parties' motion papers, Defendants met their initial obligations under the settlement agreement within the time periods outlined therein and remained in compliance with the terms of the agreement for nearly two years. (See Pl.'s Mot. [Doc. #143] at 3-5; Pl.'s

Supp. [Doc. #144] at 8-9; Defs.'s Br. [Doc. #145] at 2; Defs.'s Br. Ex. B [Doc. #145-2]; Pl.'s Reply [Doc. #146] at 2.)

In his Motion and related filings, Plaintiff now alleges that Defendants have breached both the settlement agreement's Transfer provision and Visitation provision by "maliciously" transferring him from Pender Correctional Facility and by denying his sons' visitation applications. As a result of these purported breaches, Plaintiff seeks, in the alternative (1) an Order directing Defendants to adhere to the terms of the settlement agreement by (i) transferring him immediately back to Pender Correctional Institution or to an institution of his own personal choosing and (ii) immediately granting his children visitation rights, or (2) to have his case reopened and judgment summarily entered in his favor for breach of contract in the amount of the total damages he sought. (Pl.'s Mot. at 6; Pl.'s Supp. at 8, 10-11; Pl.'s Reply at 4-7, 9; Pl.'s Notice [Doc. #149] at 4.) In Response, Defendants oppose the request and note that Plaintiff was transferred for security reasons, and further note that they received visitation applications for only two of Plaintiff's sons, and those applications failed to identify an actual legal guardian as required.

Notably, this Court does not have authority or jurisdiction to summarily "enforce" the terms of a settlement agreement post-dismissal. As set forth by the Supreme Court in Kokkonen v. Guardian Life Insurance Co. of America:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.
>
> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal

3

signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6). Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.

. . . .

The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377-78, 381-82 (1994) (internal

citations and footnote omitted); see also Ind. Lumbermens Mut. Ins. Co. v. Info. Sys., Inc., 83

F.3d 415 (Table), 1996 WL 217890, at *5 (4th Cir. 1996) (upholding district court's conclusion,

based in part on its direct participation in the case, that it lacked jurisdiction to enforce settlement agreement).[1]

In the present case, neither the discussions at the settlement conference, the memorialized settlement agreement, nor the joint stipulation of dismissal contemplated that this Court would retain jurisdiction and perpetually arbitrate disputes about the settlement agreement's meaning and the sufficiency of the Parties' performance post-dismissal. The settlement agreement does not contain any provision reflecting an agreement that this Court would retain jurisdiction. Even more importantly, no Orders of the Court incorporated the terms of the settlement agreement or noted any intent to retain jurisdiction over the settlement agreement after the case was dismissed. At this point, attempting to exert federal jurisdiction now would inappropriately render the joint stipulation of dismissal, and the finality it provided,

---

[1] The Court notes that the cases discussed in the Parties' briefing—and those cases' precedents and progeny—involve situations where a court was either (1) enforcing a pre-existing settlement agreement in order to determine whether federal suit was barred, or (2) enforcing a settlement agreement that had been reached during the pendency of the federal suit but had fallen apart before final dismissal. See Moore v. Beaufort County, 936 F.2d 159 (4th Cir. 1991) (plaintiffs moved to enforce purported settlement agreement before dismissal); Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005 (4th Cir. 1981) (defendant raised prior settlement agreement as bar to suit in pending federal case); Walters v. Frank Myers Auto Sales, Inc., No. 1:04CV00184, 2005 WL 8167317 (M.D.N.C. July 29, 2005) (motion to enforce submitted prior to dismissal); see also Hensley v. Alcon Lab'ys, Inc., 277 F.3d 535 (4th Cir. 2002) (district court found settlement had been reached and enforced it prior to dismissal); Young v. F.D.I.C., 103 F.3d 1180, 1186 (4th Cir. 1997) (district court enforced settlement agreement in context of a motion for summary judgment seeking to dismiss pending federal claims); Petty v. Timken Corp., 849 F.2d 130 (4th Cir. 1988) (enforcing settlement agreement prior to final dismissal with prejudice); Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983) (remanding for district court to determine whether a settlement agreement existed and what its terms were, in context of then-pending litigation); Wood v. Virginia Hauling Co., 528 F.2d 423, 425 (4th Cir. 1975) ("A United States district court has inherent power to supervise and aid the implementation of settlement agreements in pending litigation." (emphasis added)). In either scenario, these cases did not deal with the situation before the Court, namely a party's attempt to "enforce" an agreement in federal court after final dismissal. To the extent the undersigned stated at the settlement conference that the case would be taken off the trial calendar and that any other proceedings prior to dismissal would be for enforcement of the settlement agreement, the Court was speaking in the context of these cases: prior to the Parties' filing the joint stipulation of dismissal the Court could have enforced the terms of the settlement agreement if any disputes arose. The Court did not retain ongoing jurisdiction beyond the filing of the joint stipulation of dismissal.

all but meaningless. Given that the Court did not at the time of negotiation, settlement, and dismissal expressly retain ongoing jurisdiction post-dismissal, Plaintiff's Motion to Enforce should be denied. See Kokkonen, 511 U.S. at 381-82; Ind. Lumbermens, 1996 WL 217890, at *5 ("A district court may evidence an intent to retain jurisdiction by including in the dismissal order a separate provision, such as a provision expressly retaining jurisdiction over the settlement agreement, or by incorporating the terms of the settlement agreement in the order.").

Without commenting on the likelihood of success, the Court notes that Plaintiff is not without potential remedies if, for the sake of argument, a Party is in breach. The Fourth Circuit "has stated clearly that when a settlement agreement has been breached two remedies are available—a suit to enforce the agreement or a Rule 60(b)(6) motion to vacate the prior dismissal." Harman v. Pauley, 678 F.2d 479, 481 (4th Cir. 1982); accord McNeill v. Britt, No. 1:18CV800, 2022 WL 19918479, at *2 (M.D.N.C. June 10, 2022), report and recommendation adopted, No. 1:18CV800, 2022 WL 19918405 (M.D.N.C. July 5, 2022); McNeill v. Johnson, No. 3:18-cv-188-GCM, 2021 WL 3609301, at *2 (W.D.N.C. Aug. 13, 2021); see also Ind. Lumbermens, 1996 WL 217890, at *5 (plaintiff's remedy to enforce terms of contact was "to file suit for breach of contract or to move to reinstate the original suit pursuant to Fed. R. Civ. P. 60(b)(6)").

Thus, to the extent Plaintiff wishes to "enforce" the terms of the settlement agreement in response to a purported breach, he would need to bring a separate breach-of-contract claim in an appropriate state proceeding. In the alternative, if Plaintiff seeks to reopen the present case and again pursue damages under his initial Complaint, he would need to seek relief from

judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), but any remedy would just put the case back where it was at the time of the settlement, and would not give Plaintiff the right to enforce the settlement agreement. In addition, Plaintiff would need to make a sufficient showing to warrant relief under that Rule. "Rule 60(b)(6) provides for extraordinary relief that should only be invoked upon a showing of exceptional circumstances. The decision to grant Rule 60(b) relief from a final order is committed to the sound discretion of the district court and can be reviewed only for abuse of that discretion." Britt, 2022 WL 19918479, at *2 (internal quotations omitted).[2]

The Court also notes that if Plaintiff seeks to bring civil rights complaints based on what he perceives to be malicious or retaliatory conduct that has occurred since the joint stipulation of dismissal in this case, he may consider bringing a new claim under 42 U.S.C. § 1983, but that claim would not be based on the prior action and would not involve enforcement of the settlement agreement, and would instead be a new action on new Complaint forms based on new conduct to the extent Plaintiff contends that the new conduct violates his constitutional rights..

The Court further notes that Plaintiff makes various other requests in his Motion to Enforce and subsequent briefing:

---

[2] The Court is hesitant to consider Plaintiff's current motion to be one seeking relief under Rule 60. First, while Plaintiff occasionally states that he wishes to reopen the case, he makes that request as a method for enforcing the terms of the settlement agreement. (Pl.'s Mot. at 6; Pl.'s Reply at 8-9.) Second, Plaintiff mentions his original claims only in the context of an assumption that if the settlement agreement were to be invalidated, he would be instantly and summarily entitled to the full amount of damages he sought in the original Complaint, despite the settlement agreement's having no such damages clause. (Pl.'s Mot. at 6; Pl.'s Supp. Mot. at 2, 8; Pl.'s Reply at 4-7, 9; Pl.'s Notice at 4.) Third, Defendants do not appear to view Plaintiff's motion as one for relief under Rule 60, because they have not responded to it in such terms. As a result, Plaintiff has not had the opportunity to consider and properly address the relevant issues. Therefore, Plaintiff should consider and determine what action he wants to pursue and proceed accordingly.

- Plaintiff requests that the Court update his mailing address for this case to Warren Correctional Institution, P.O. Box 728, Norlina, NC 27563. (Pl.'s Mot. at 1-2.) Plaintiff has since filed three additional Notices of Change of Address with different addresses [Doc. #147, #148, #149]. Plaintiff's new address has been noted [Doc. #149], and so his initial request is moot. To the extent Plaintiff also sought to have his address updated in "'ALL' cases/claims within these courts," (Pl.'s Mot. at 1-2), that request should also be denied for the same reasons and because Plaintiff has not alerted the Court to what pending litigation Plaintiff has before this Court.

- Plaintiff requests to be treated as an indigent person. (Pl.'s Mot. at 6; Pl.'s Supp. Mot. at 11; Pl.'s Reply at 9; Pl.'s Notice at 4.) Plaintiff was granted *in forma pauperis* status at the beginning of this case [Doc. #4]. Because the Motion to Enforce should be denied without further proceedings under this case number, Plaintiff's request to be treated as an indigent person is moot.

- Plaintiff requests that his Motion be addressed in person, presumably a request for a hearing. (Pl.'s Reply at 8-9.) Because the Court does not have jurisdiction to consider the merits of Plaintiff's Motion, and because the Motion can be denied on the papers as discussed above, his request for a hearing should be denied.

- Plaintiff requests that this Court hold a new settlement conference in this matter. (Pl.'s Notice at 2-4.) As just noted, the Court does not have jurisdiction to consider the merits of Plaintiff's Motion, and it would not be procedurally proper to set the case for a settlement conference.

- Plaintiff requests the appointment of counsel to assist in pursuing his Motion. (Pl.'s Notice at 4.) Because his Motion should be denied, his request for appointment of counsel related to that Motion should also be denied.

Finally, the Court notes that Plaintiff subsequently filed a Motion [Doc. #150] that appears to be a request to this Court for a ruling on his Motion to Enforce. In light of the above determination, that request is moot. As discussed above, Plaintiff needs to make the

8

determination as to how he wants to proceed and then file a proper request in the appropriate court.

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Enforce [Doc. #143] be DENIED in its entirety, and that Plaintiff's Motion for Writ [Doc. #150] likewise be DENIED.

This, the 19th day of April, 2024.

                                                /s/ Joi Elizabeth Peake
                                           United States Magistrate Judge